## CIRCUIT COURT OF LOUDOUN COUNTY

Francis A. McDonough et al.

v.

Alpha Construction
and Engineering Corp. et al.

December 13, 1991

Case No. (Law) 11426

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Plaintiffs' Motion to Disqualify Defendants' Counsel, Hazel & Thomas. After consideration of the argument of counsel on November 22, 1991, the memoranda previously submitted by counsel, the two exhibits admitted in evidence on November 22, 1991, and the stipulation of counsel as to certain testimony on the same date, and the excerpts of the depositions of Surinder Singh and Edwin D. Itzig Heine subsequently submitted by counsel, the Motion is denied.

There appears to be no Virginia authority on motions to disqualify counsel. However, there is considerable federal authority which is instructive and persuasive because it is based on the same Code of Professional Responsibility applicable to Virginia lawyers. The federal cases cited by defendants' counsel provide this Court with sufficient guidance on the issue.

This lawsuit filed on June 7, 1990, by three minority stockholders and a competitor of the defendant, Alpha Construction and Engineering Corporation, against Alpha, Heine and Singh (the majority shareholders of Alpha) seeks damages from the individual defendants for an alleged conspiracy to injure under Virginia Code § 18.2–499 *et seq.*, breach of fiduciary duty and tortious interference with business relations (it appears that the plaintiffs are also seeking damages from Alpha on this cause of action). There is also a declaratory

judgment count concerning the validity of a stock buy-sell agreement among Alpha, Heine and the plaintiff, Francis A. McDonough. This is not a shareholders derivative suit. There is also pending a chancery cause brought by these same plaintiffs to dissolve Alpha. The plaintiffs are not interested in preserving Alpha but are seeking a substantial judgment against it as well as its dissolution.

The nature of this lawsuit and the objectives of the plaintiffs provide the backdrop against which the motion must be viewed. Citing Disciplinary Rule 5–105(B), the plaintiffs ask this Court to disqualify Hazel & Thomas because of advice that Henry Hart, a partner in Hazel & Thomas, allegedly gave to Heine and Alpha in 1989 concerning the sale of Heine's stock in Alpha. The parties stipulated that Mr. Hart would have testified that Heine alone was his client, that he billed only Heine and looked to him for payment of his fee. Who may have actually paid Mr. Hart's fee is not relevant to this Motion.

At the time that Mr. Hart advised Heine in 1989, Heine was a director and a stockholder of Alpha. In his deposition, Heine definitely stated that Mr. Hart was representing him and Alpha as early as May, 1989. Later in his deposition, Heine tried to qualify his earlier testimony, but he never admitted that he was in error in saying that Mr. Hart represented both him and Alpha. At this time, Alpha also had its own counsel, the firm of Watt, Tieder, Killian & Hoffan.

The crux of the plaintiffs' argument is that during the time of Mr. Hart's alleged dual representation of Heine and Alpha, events were set in motion that led to the plaintiffs leaving Alpha and the present lawsuit. Specifically, in October, 1989, with the help of Mr. Hoffar of Watt, Tieder, the five stockholders reached a handwritten agreement concerning the sale of Heine's stock. The agreement was to be typed and signed the next day. In the meantime, Heine consulted with Mr. Hart and, also, with Singh. They refused to sign the typed agreement. Mr. Hart allegedly gave Heine advice on the value of his stock. Thereafter, the relationship between the parties deteriorated even further and eventually led to this lawsuit filed in June, 1990.

The plaintiffs do not complain that the conduct of the attorneys of Hazel & Thomas during the course of this litigation is the basis of their Motion. The plaintiffs do not dispute that all three defendants have consented to their joint representation in this suit by Hazel & Thomas as permitted by Disciplinary Rule 5–105(C). The plaintiffs

complain that past dual representation by Mr. Hart has placed Hazel & Thomas in a position of having to "stand behind" what Heine and Alpha did in the past while Mr. Hart advised both. The plaintiffs feel that unethical dual representation in the past is a sufficient reason to disqualify the defendants' counsel in this litigation.

A disqualification motion brings into play certain competing principles and rights. A party to litigation has a right of free choice of counsel. *See, e.g., Silver Chrysler Plymouth v. Chrysler Motors*, 518 F.2d 751, 753 (2d Cir. 1975). The court has the duty to supervise the conduct of the attorneys who appear before it. *See, e.g., Kevlik v. Goldstein*, 724 F.2d 844, 847 (1st Cir. 1984). Further, the court has a "duty to maintain the highest standards of professional conduct to insure and preserve trust in the integrity of the bar." *In re Asbestos Cases*, 514 F. Supp. 914, 925 (E.D. Va. 1981). There must be a balance between a client's free choice of counsel and the maintenance of the highest ethical and professional standards in the legal community. *Tessier v. Plastic Surgery Specialists, Inc.*, 731 F. Supp. 724, 729 (E.D. Va. 1990).

The serious nature of the allegations and the practical effects of the granting of a motion for disqualification of counsel (e.g., delay while the motion is pending, delay in getting new counsel, and duplication of attorney effort if the motion is granted and the additional expense to the parties involved) require that a high standard of proof must be met before such a motion can be granted. *Tessier*, 731 F. Supp. at 729; *see also, Evans v. Artek Systems*, 715 F.2d 788, 794 (2d Cir. 1983). Given the availability of disciplinary procedures within the bar, there is no need for a disqualification motion in every piece of litigation in which allegations of unethical conduct arrive. *See, Board of Education of New York City v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). As pointed out in *Tessler*, the Fourth Circuit Court of Appeals has cautioned against a mechanical application of the Code of Professional Responsibility to all situations. 731 F. Supp. at 729.

Counsel should only be disqualified where there has been a clear violation of the Code of Professional Responsibility and the violation requires the court to disqualify counsel in order to preserve the integrity of the adversary process in the case before the court. This will preserve the confidence of the public in lawyers and our judicial system. It allows a court to address an ethical problem before a client reaches the point of having to complain about the quality of justice

received. *Tessier*, 731 F. Supp. at 729; *Board of Education*, 590 F.2d at 1246.

As pointed out in *Board of Education*, disqualification motions are well founded usually in only two kinds of cases: (1) conflicts on interests which undermine the court's confidence in the vigor of the attorney's representation of his client, or (2) the attorney is in a position of potentially using privileged information concerning the other side through a prior representation, thus giving his client an unfair advantage. 590 F.2d at 1246. *Board of Education* speaks in terms of disqualification only if the attorney's conduct tends to "taint the underlying trial." *W. T. Grant Co. v. Haines*, 531 F.2d 671, 678 (2d Cir. 1976). The present Motion involves the former kind of case only; i.e., an alleged conflict of interest.

The Motion does not allege that Hazel & Thomas have acquired by a past representation any secret or confidence that can be used against the plaintiffs. Even if Mr. Hart counseled both Heine and Alpha in 1989 about the sale of Heine's Alpha stock, nothing has been shown that would undermine this Court's confidence in the vigor of Hazel & Thomas' representation of the defendants in this litigation. The defendants have all agreed to the multiple representation. The aborted sale of Heine's stock in 1989 is not an issue in this case. Nothing has been brought to the attention of this Court in the year and a half that this suit has been pending that in any way shows a less than vigorous representation of all the defendants by Hazel & Thomas. Further, this court cannot help but notice that plaintiffs' counsel had to have had at least notice of this alleged dual representation in the latter part of 1989. *See* Defendant's Exhibits No. 1 and 2, November 22, 1991. Yet the plaintiffs waited until October 25, 1991, to file the Motion. In all fairness, however, the plaintiffs are entitled to the benefit of the doubt because the possibility of the dual representation did not become clear until Heine's deposition was taken on October 23, 1991.

In the final analysis, I feel that this is precisely the kind of situation in which the Fourth Circuit Court of Appeals cautioned against a mechanical application of the Code of Professional Responsibility. Perhaps there may have been an ethical violation in 1989. I am always mindful of ethical violations by attorneys, but on a motion for disqualification of counsel, a court cannot just mechanically disqualify because there has been an ethical violation. There is no present

violation of the Code of Professional Responsibility. I am not unaware of the strategic advantage of a disqualification motion. Perhaps Mr. Hart's prior involvement with Heine and Alpha may affect Hazel & Thomas' evaluation of this case. Perhaps counsel without any prior involvement would evaluate the case differently, be of a view more closely akin to plaintiffs' counsel, and be more willing to settle. But that is not a reason to disqualify counsel. Nothing has been alleged by the plaintiffs which warrants the disqualification of Hazel & Thomas as counsel for the defendants.

Let counsel for the defendants prepare an order denying the Motion to which plaintiffs' counsel may note an exception.