# CIRCUIT COURT OF THE CITY OF RICHMOND

Jay D. Keatley, Jr., etc.

v.

Gee Communications, Inc.,
and David Gee

March 21, 2001

Case No. LF-2777

BY JUDGE MELVIN R. HUGHES, JR.

Defendants have moved to disqualify counsel on the ground that counsel's representation of plaintiff is adverse due to counsel's prior representation of a non party in an earlier lawsuit. There is no dispute concerning the salient facts.

Jay D. Keatley, Jr. (Keatley, Jr.), executor of and trustee under the will of Jay D. Keatley, Sr., deceased (Keatley, Sr.), has brought this action against defendants Gee Communication, Inc. (GCI) and David E. Gee (Gee) seeking a money judgment under a consulting agreement between Keatley, Sr., and GCI. The suit alleges that in October 1997, Keatley, Sr., entered into a consulting agreement with GCI through its president, Gee, by which Keatley, Sr., was to provide consultation related to the operation of radio station WXGI as a part of the transfer and sale of the station to GCI.

In the first case, counsel for plaintiff, John S. Barr represented WXGI in a suit Gee filed against Keatley, Sr., and WXGI in September 1997 regarding a dispute over ownership of the radio station. The case was settled under an agreement transferring ownership of WXGI to Gee and the consulting agreement for an aggregate amount of $550,000. The parties agreed that should Keatley, Sr., die before the total sum was paid, Gee would pay the lesser of $250,000 or any amount remaining. Now, in this case, Keatley, Sr., having since died, his estate seeks to recover $250,000 plus $8,000 related to another prior indebtedness.

Defendants contend that, during the course of representing WXGI in 1997, Barr and WXGI conferred about corporate matters concerning the issues in this case, all of which are covered by attorney-client privilege.

Barr contends that his representation of WXGI was, according to his memorandum in opposition to plaintiff's motion, limited to filing a "routine" responsive pleading for Keatley, Sr., and incidentally, WXGI during negotiations of an asset purchase agreement (the only agreement involving WXGI) and that he merely negotiated on Keatley, Sr.'s behalf a reduction of payments in the consulting agreement, to which WXGI was not a party. The court decides that no basis for disqualification exists.

Virginia Rule of Professional Conduct 1.9 provides in its pertinent part:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another party in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation.

Under the Rule, Barr, who formerly represented WXGI, may not represent another in the same or substantially related matter in which that person's interests are materially adverse to the interests of WXGI, the former client. The Rule's comments explains that Barr's involvement in the former matter is a question of degree, the question being whether he was so involved that his present representation of Keatley, Jr., as executor and trustee can be justly regarded as switching sites. And of course, the leading concern is whether Barr's work for WXGI was substantially related to the current dispute concerning the consulting agreement. *See Rogers v. Pittston Co.*, 800 F. Supp. 350, 353 (W.D. Va. 1992), aff'd mem., 996 F.2d 1212 (4th Cir. 1993), and *Tessler v. Plastic Surgery Specialist, Inc.*, 731 F. Supp. 724 (E.D. Va. 1990).

As to subject matter, this case relates to Barr's former representation of WXGI, at least in part. As noted, GCI and Gee assert that, throughout the first case, WXGI "repeatedly conferred with Barr" about corporate matters, "matters touching on issues in [the earlier case] as well as on issues related to the case at bar." However, they make no specific allegation concerning what, if any, relevant confidences were shared. Although undoubtedly Barr reviewed the consulting agreement and negotiated the reduction of payments, that contract concerns rights and obligations between Keatley, Sr., and GCI, not any obligation of WXGI, a non party to the agreement and this litigation. Considering that ownership of WXGI transferred to Gee between the two lawsuits despite lack of specificity as to what material confidences Barr may

have received, the motion can be viewed as a concern with taint and with whether Barr holds privileged information concerning WXGI, learned from his prior representation that Barr could use to give this plaintiff an unfair advantage.

The court should approach the question of counsel disqualification with caution. A suggestion of disqualification without more must give way when the courts' admonition that such motions require a high standard of proof is considered. *McDonough v. Alpha Cont. etc.*, 27 Va. Cir. 50, 54 (1991). Here, while the representation and this case involve the same or related matters, there is nothing before the court on which the court can determine material adversity to WXGI. The mere fact that Gee is president and sole stockholder of WXGI and that GCI owns WXGI does not make an action against Gee and GCI materially adverse to WXGI, without more. Accordingly, the motion to disqualify plaintiff's counsel is denied.